IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01374-BNB

RONALD HUTCHINSON,

Plaintiff,

v.

COMMUNITIY [sic] EDUCATION CENTERS INC. (Williams Street Center),
    individually/official capacity,
ANNIE HOLESTINE (Administrative Director), individually,
EILEEN NEWMAN (Case Manager Supervisor), individually,
PETER JENSEN (Case Manager), individually,
LES GODWIN (Community Parole Officer - Liason [sic]), individually, and
DAVID HOLESTINE (Community Parole Officer), individually,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 2 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE
## SECOND AND FINAL AMENDED COMPLAINT

Plaintiff, Ronald Hutchinson, currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Hutchinson filed *pro se* an amended Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983.

The Court must construe the amended complaint liberally because Mr. Hutchinson is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hutchinson will be ordered to file a second and final amended complaint.

Mr. Hutchinson asserts six claims. He complains that he was retaliated against and treated in a manner unequal to other community corrections residents when he was

required to sign a job contract, apply at three job location sites each day, and find a job in two weeks or risk termination from the community corrections program (claims one and two). He also complains that he was denied access to the courts because his access to the law library to conduct research pertinent to a federal district court case was reduced as a result of grievances he filed against the defendants (claim three). He contends he was terminated from the community corrections program because he received an incident report for disobeying a lawful order and because he tested positive for an illegal substance, i.e., cocaine, while other residents who tested positive were not terminated (claim four). He complains that his disciplinary hearing on the charge of disobeying a lawful order was not impartial (claim five). His sixth claim, which is too vague to summarize, refers to two exhibits attached to the complaint he originally filed.

Mr. Hutchinson has failed to set forth a short and plain statement of his claims showing that he is entitled to relief. The general rule that *pro se* pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

As a result, Mr. Hutchinson's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. Hutchinson is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891

F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Hutchinson to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Hutchinson fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Instead, in the section labeled "Nature of the Case," he provides seven and a half pages of single-spaced allegations he apparently expects the Court and the defendants to piece together with his asserted claims. That is neither a judicial function nor the responsibility of the defendants. It is Mr. Hutchinson's job to present his claims in a manageable format that allows the Court

and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Hutchinson must allege, simply and concisely, his specific claims for relief. He may attach documents to the amended complaint, but he may not rely solely on those documents to present his claims.

The Court finds that the amended complaint is vague, repetitive, and unnecessarily verbose. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In addition, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. **See** D.C.COLO.LCivR 10.1E. The amended complaint Mr. Hutchinson filed is difficult to read because it is single-spaced. The second and final amended complaint Mr. Hutchinson will be directed to file shall be double-spaced.

Mr. Hutchinson also must assert personal participation by each named defendant. **See *Bennett v. Passic*,** 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hutchinson must name and show how named defendants caused a deprivation of his federal rights. **See *Kentucky v. Graham*,** 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See *Butler v. City of Norman*,** 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See *Pembaur v. City of Cincinnati*,** 475 U.S. 469, 479

(1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Hutchinson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Hutchinson uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

Mr. Hutchinson, therefore, will be directed to file a second and final amended complaint that states his claims clearly and concisely and legibly, sues proper parties, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Plaintiff, Ronald Hutchinson, file a second and final amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hutchinson, together with a copy of this order, two copies of the Prisoner Complaint form to be used in submitting the second and final amended complaint. It is

FURTHER ORDERED that if, within the time allowed, Mr. Hutchinson fails to file a second and amended complaint that complies with this order the amended complaint and the action will be dismissed without further notice.

DATED September 2, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01374-BNB

Ronald Hutchinson
Prisoner No. 75480
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/2/10

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk