IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01374-CMA-BNB

RONALD HUTCHINSON,

Plaintiff,

v.

ANNIE HOLESTINE, Administrative Director, individually,
EILEEN NEWMAN, Case Manager Supervisor, individually,
PETER JENSEN, Case Manager, individually, and
LES GODWIN, Community Parole Officer, individually,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff filed his Second Amended Prisoner Complaint on October 18, 2010 [Doc. #16] (the "Complaint"). On November 24, 2010, the district judge ordered the United States Marshal to effect service on the defendants [Doc. #21]. The Marshal personally served defendants Holestine, Newman, and Godwin at the Williams Street Center, an address provided by the plaintiff [Docs. #16, #24, #25, and #26]. The Marshal was unable to personally serve defendant Jensen at the Williams Street Center because Jensen no longer works there [Doc. #23]. Nor was the Marshal able to obtain a forwarding address for defendant Jensen from Williams Street Center personnel.

As a result, I ordered the plaintiff to show cause why the Complaint should not be dismissed as against defendant Jensen for failure to prosecute. See D.C.COLO.LCivR 41.1. I warned the plaintiff that in the event that no such showing was made, I would recommend that the action be dismissed, without prejudice, against defendant Jensen for failure to prosecute.

The plaintiff filed a response to the show cause order on January 18, 2011 [Doc. #38]. He argues that Jensen is a necessary defendant, but he does not provide an address where Jensen may be served. Accordingly,

I respectfully RECOMMEND that the Complaint be DISMISSED without prejudice as against defendant Jensen for failure to prosecute pursuant to D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 31, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge